UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BARTON PRINCE,          )
                        )
        Petitioner,     )
                        )
    v.                  )    No. 4:15CV1451 DDN
                        )
JAMES HURLEY,           )
                        )
        Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

**Background**

Petitioner, Barton Prince, entered a guilty plea in the Circuit Court of St. Charles County to three counts of child molestation, nine counts of statutory sodomy, and one count of statutory rape on March 13, 2012. On that same date, the Circuit Court for St. Charles County sentenced petitioner to concurrent sentences of seven years on each of the child molestation, statutory rape, and second degree statutory sodomy counts, and thirteen years on the remaining counts (which were first degree felony counts), to run concurrently. *Id.* Petitioner did not file a direct appeal.[1]

Petitioner filed a motion to vacate his sentence, brought pursuant to Missouri Supreme Court Rule 24.035, on September 4, 2012.[2] *Prince v. State*, No. 1211-CC00856 (11th Judicial

---

[1] Petitioner agreed to waive his right to appeal in his plea agreement.
[2] Peitioner was delivered to the Department of Corrections on March 22, 2012. Although counsel was appointed to petitioner, after discussing his options with counsel, appellant filed his voluntary dismissal of his case two days before his motion to vacate was due to the Court.

Circuit, St. Charles County). Petitioner voluntarily dismissed his motion to vacate on February 11, 2013. *Id.*

On October 28, 2013, petitioner filed a second motion to vacate his sentence, pursuant to Rule 24.035. *Prince v. State*, No. 1311-CC01081 (11th Judicial Circuit, St. Charles County). The motion court again appointed counsel to represent petitioner; however, almost immediately, petitioner's new counsel filed a motion to rescind the appointment asserting that because petitioner had voluntarily dismissed his prior motion to vacate, his new motion was successive. On February 5, 2014, private counsel for petitioner filed an entry of appearance. Petitioner's new counsel argued that counsel in the first post-conviction proceeding had abandoned petitioner. A hearing was held by the motion court on February 22, 2014, wherein petitioner's first post-conviction counsel testified. On June 24, 2014, the motion Court denied petitioner's abandonment of counsel defense and dismissed petitioner's motion to vacate as successive. Petitioner appealed the denial to the Missouri Court of Appeals. *See Prince v. State*, No. ED101813 (Mo.Ct.App. 2015). The Court of Appeals affirmed the motion court's ruling on September 1, 2015, and issued its mandate on September 23, 2015. *Id.*

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on September 20, 2015.

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not file a direct appeal, his judgment becomes final upon expiration of the time within which he may file a notice of appeal, or within ten days of the date of his sentence. Mo. S. Ct. R. 81.04. Accordingly, petitioner's judgment of conviction became final on March 23, 2012.

Petitioner filed his first motion for post-conviction relief on September 4, 2012, and it was pending until he voluntarily dismissed his case on February 11, 2013.[3] During the time the case was pending, the statute was of limitations was tolled. However, the period between the finality of his judgment and the application for post-conviction relief must be counted toward the one-year

---

[3] It is not entirely clear that the one-year limitations period should be tolled during the pendency of post-conviction proceedings that end in a voluntary dismissal. However, the Court will give petitioner the benefit of the doubt, pursuant to the holding in *Williams v. Bruton*, 299 F.3d 981, 982-83 (8th Cir. 2002) ("Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal.").

limitations period. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003). As such, petitioner accrued one-hundred sixty-five (165) days toward the limitations period during this time period.

On October 28, 2013, petitioner filed his second post-conviction motion to vacate. The motion was denied on June 24, 2014, and petitioner immediately appealed. The appeal was not complete until the mandate issued on September 23, 2015. The one-year limitations period was tolled during the entire pendency of petitioner's post-conviction proceedings, that is, from October 28, 2013 through September 23, 2015. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).

However, the matter was not tolled between February 11, 2013 and October 28, 2013, between the time he voluntarily dismissed his first post-conviction relief motion and filed his second. During this time period, two-hundred and fifty-nine (259) days passed.

The instant petition has been filed four-hundred and twenty-four (424) days after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 9th day of October, 2015.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE