UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BARTON PRINCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1451 SNLJ |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

**Background**

Petitioner, Barton Prince, entered a guilty plea in the Circuit Court of St. Charles County to three counts of child molestation, nine counts of statutory sodomy, and one count of statutory rape on March 13, 2012. On that same date, the Circuit Court for St. Charles County sentenced petitioner to concurrent sentences of seven years on each of the child molestation, statutory rape, and second degree statutory sodomy counts, and thirteen years on the remaining counts (which were first degree felony counts), to run concurrently. *State v. Prince*, No. 1011-CR01861-01 (11th Judicial Circuit, St. Charles County). Petitioner did not file a direct appeal.[2]

---

[1] On October 9, 2015, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.
[2] Petitioner agreed to waive his right to appeal in his plea agreement.

1

Petitioner filed a motion to vacate his sentence, brought pursuant to Missouri Supreme Court Rule 24.035, on September 4, 2012.[3] *Prince v. State*, No. 1211-CC00856 (11th Judicial Circuit, St. Charles County). Petitioner voluntarily dismissed his motion to vacate on February 11, 2013. *Id.*

On October 28, 2013, petitioner filed a second motion to vacate his sentence, pursuant to Rule 24.035. *Prince v. State*, No. 1311-CC01081 (11th Judicial Circuit, St. Charles County). The motion court again appointed counsel to represent petitioner; however, almost immediately, petitioner's new counsel filed a motion to rescind the appointment asserting that because petitioner had voluntarily dismissed his prior motion to vacate, his new motion was successive. On February 5, 2014, private counsel for petitioner filed an entry of appearance. Petitioner's new counsel argued that counsel in the first post-conviction proceeding had abandoned petitioner. A hearing was held by the motion court on April 22, 2014, wherein petitioner's first post-conviction counsel testified. On June 24, 2014, the motion Court denied petitioner's abandonment of counsel defense and dismissed petitioner's motion to vacate as successive. Petitioner appealed the denial to the Missouri Court of Appeals. *See Prince v. State*, No. ED101813 (Mo.Ct.App. 2015). The Court of Appeals affirmed the motion court's ruling on September 1, 2015, and issued its mandate on September 23, 2015. *Id.*

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on September 20, 2015.

---

[3] Petitioner was delivered to the Department of Corrections on March 22, 2012. Although counsel was appointed to petitioner, after discussing his options with counsel, appellant filed his voluntary dismissal of his case two days before his motion to vacate was due to the Court.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not file a direct appeal, his judgment becomes final upon expiration of the time within which he may file a notice of appeal, or within ten days of the date of his sentence. Mo. S. Ct. R. 81.04. Accordingly, petitioner's judgment of conviction became final on March 23, 2012.

Petitioner filed his first motion for post-conviction relief on September 4, 2012, and it was pending until he voluntarily dismissed his case on February 11, 2013.[4] During the time the case was pending, the statute was of limitations was tolled. However, the period between the finality of his judgment and the application for post-conviction relief must be counted toward the one-year limitations period. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003). As such, petitioner accrued one-hundred sixty-five (165) days toward the limitations period during this time period.

On October 28, 2013, petitioner filed his second post-conviction motion to vacate. The motion was denied on June 24, 2014, and petitioner immediately appealed. The appeal was not complete until the mandate issued on September 23, 2015. The one-year limitations period was

---

[4]It is not entirely clear that the one-year limitations period should be tolled during the pendency of post-conviction proceedings that end in a voluntary dismissal. However, the Court will give petitioner the benefit of the doubt, pursuant to the holding in *Williams v. Bruton*, 299 F.3d 981, 982-83 (8th Cir. 2002) ("Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal.").

tolled during the entire pendency of petitioner's post-conviction proceedings, that is, from October 28, 2013 through September 23, 2015. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).

However, the matter was not tolled between February 11, 2013 and October 28, 2013, between the time he voluntarily dismissed his first post-conviction relief motion and filed his second. During this time period, two-hundred and fifty-nine (259) days passed. The instant petition has been filed four-hundred and twenty-four (424) days after petitioner's state court judgment of conviction became final; thus, it was filed more approximately fifty-nine (59) days late.

Petitioner argues that he should be given the benefit of equitable tolling in this Court because: (1) his criminal trial counsel was ineffective and failed to file a direct appeal of his conviction and sentence; (2) he did not understand his post-conviction appointed counsel when he agreed to waive his post-conviction proceedings because of the medications he was taking at the time, thus he does not believe he voluntarily consented to such a waiver; and (3) petitioner believes he placed his § 2254 petition in the mail within the proper time period of filing his **second** post-conviction motion. The Court will address each of petitioner's arguments in turn.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50.

The Court will address petitioner's first and second arguments, that his criminal trial counsel was ineffective for failing to file a direct appeal of his conviction and sentence and that he did not understand his post-conviction counsel when he agreed to waive his post-conviction proceedings.

The Court has attained a copy of petitioner's guilty plea transcript from Missouri.Case.Net, at which petitioner waived his right to file a direct appeal, as well as his right to file a motion to vacate, in order for the state to dismiss Count VII of the charge against him. At the hearing, the following colloquy occurred:

> Prosecutor: Mr. Prince, I'm going to show you what's been marked as State's Exhibit 1 [Defendant's Waiver of Right for Post-Conviction Relief and Right to Appeal]. Do you recognize this form? I'll show you the second page. Do you recognize this form?
>
> Petitioner: Yes.
>
> Prosecutor: Okay. And you understand that you're telling -- you're waiving your rights to post-conviction relief and right to appeal, do you understand that?
>
> Petitioner: Uh-huh.
>
> Prosecutor: And you acknowledge that you've been informed of your right to file an appeal of this judgment. You also acknowledge that you have been informed of your right to file a motion for post-conviction relief under Missouri Supreme Court Rule 24.035, and it provides that a person convicted of a felony within a hundred – 180 days of your delivery to the custody of the Department of Corrections you can file a claim to vacate, set aside or correct the judgment and sentence seeking relief from claims that: No. 1, the conviction or sentence imposed violates the Constitution and the laws of this state or the Constitution of the United States; No. 2 any and all claims of ineffective assistance of trial or plea and appellate counsel; or No. 3, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by the law. You understand those are your rights?
>
> Petitioner: Yes.
>
> Prosecutor: Are you waiving those rights?

Petitioner: Uh-huh.

Prosecutor: And you're also waiving your right to challenge the subject matter jurisdiction of the court and/or sufficiency of the charge instrument. Number – you're also waiving your right to an evidentiary hearing on these issues and the right to file an appeal. You understand that?

Petitioner: Uh-huh.

Prosecutor: You acknowledge and understand that Missouri Supreme Court Rule 24.035 provides the exclusive procedure by which you may seek relief in the sentencing court. Do you understand that?

Petitioner: Uh-huh.

Prosecutor: And you are expressly agreeing to waive these rights and understand that you will be forever barred from raising any such claims as I've just told you. And you state to the Court that this waiver is made knowingly, voluntarily and intelligently, with an understanding of your rights. Do you understand that?

Petitioner: Yes.

Prosecutor: And that the benefit to you for this waiver and for waiving your ineffective assistance of counsel claims is the state is nolle prossing Count Seven. You understand that?

Petitioner: Yes.

The Court: Mr. Prince, you answered [The Prosecutor's] questions with regard to the waiver of your rights. Do you understand that you are – signing this and indicating this to me, that you are waiving your rights to file a claim within 180 days of your delivery to the custody of the Department of Corrections you can file a claim to vacate, set aside or correct the judgment and sentence on the basis that the conviction or the sentence imposed violates the Constitution or lass of the States of Missouri or the Constitution of the United States, including the claim of ineffective assistance of counsel; that the court imposing the sentence did not have jurisdiction to do so; or that the sentence imposed exceeds the maximum sentence authorized by law. If you want to assert that claim, you need to file that within 180 days of the time you are delivered to the custody of the Department of Corrections. No cost deposit is required? You understand those rights sir?

Petitioner: Yes.

> The Court: And once again, are you – are you – do you understand that by signing this and making the statement that you made that you are waiving your right to file a claim on that basis?
>
> Petitioner: Yes.

(Transcript 39-43)

A movant can waive his right to seek an appeal, as well as post-conviction relief in return for a reduced sentence, if the record clearly demonstrates that the movant was properly informed of his rights and that the waiver was made knowingly, voluntarily and intelligently. *See Cooper v. State*, 356 S.W.3d 148, 154 (Mo banc 2011). Petitioner has not alleged that his waiver of his right to file a direct appeal and a post-conviction motion was not made voluntary and intelligent.[5] As the record outlined above shows, petitioner understood that he was waiving his right to file a direct appeal, as well as a post-conviction relief motion. Thus, it is disingenuous for him now to claim that he did not understand the waiver of his right to appeal, or that his own counsel was ineffective for failing to file either a direct appeal or a post-conviction relief motion.[6] The Court notes that petitioner made these same arguments in front of his post-conviction court, seeking to reinstate his second post-conviction proceedings. After a full evidentiary hearing, the court failed to find petitioner's arguments availing. The Court of Appeals affirmed the denial of petitioner's

---

[5] Petitioner underwent a psychiatric exam by the Missouri Department of Mental Health in August of 2010. He was found competent to proceed with trial in August of 2011. *See State v. Prince*, Case No. 1011-CR01861-01 (11th Judicial Circuit, St. Charles County).

[6] Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

attempts at post-conviction relief, finding that there was no abandonment of post-conviction counsel.[7]

The Court will last address petitioner's argument that the Court should "start the clock" on the statute of limitations from the date of petitioner's **second** post-conviction filing in state court. Petitioner's assertion is simply incorrect. Even providing petitioner the benefit of the doubt and giving him equitable tolling for both time periods when his post-conviction motions were pending, the time between when his motions were pending must be counted toward the statute of limitations. Thus, this matter was not tolled between February 11, 2013 and October 28, 2013, between the time he voluntarily dismissed his first post-conviction relief motion and filed his second. During this time period, two-hundred and fifty-nine (259) days passed. The instant petition has been filed four-hundred and twenty-four (424) days after petitioner's state court

---

[7] The trial court addressed petitioner's assertion that his first post-conviction counsel "abandoned" him in pursuit of his collateral process by allowing petitioner's post-conviction counsel to testify in an evidentiary hearing on the matter. *See Prince v. Missouri,* Case No. 1311-CC01081 (11th Judicial Circuit, St. Charles County). Post-conviction counsel testified that she had sent petitioner a letter on January 22, 2013 in which she discussed with petitioner the implications of dismissing the post-conviction motion or filing an amended motion on his behalf. Counsel told appellant that unless she heard from him by February 13, 2013, about dismissing the case, she would file an amended motion. The motion court admitted into evidence at the hearing a memorandum from post-conviction counsel stating that appellant called her and told her that he wanted to "drop the case." Counsel filed a voluntary dismissal on appellant's behalf stating that (1) petitioner discussed the merits of his pro se motion with counsel; (2) the amended motion was due on February 13, 2013; (3) after careful consideration, petitioner informed counsel that he no longer wanted to pursue his 24.035 motion; (4) petitioner acknowledged that counsel could have prepared an amended motion for him; (5) petitioner acknowledged that he understood that the dismissal was with prejudice and that he would be precluded from filing another 24.035 motion; (6) petitioner understood that this dismissal was a bypass of state remedy under Rule 24.035; (7) petitioner understood that by deliberately bypassing his state post-conviction remedies he would be precluded from raising those issues in a writ of habeas corpus; and (8) petitioner was voluntarily dismissing his Rule 24.035 motion. After a full hearing on the matter, petitioner's second motion to vacate was denied and dismissed. *Id.*

8

judgment of conviction became final; thus, it was filed more approximately fifty-nine (59) days late.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, is **DENIED AND DISMISSED**, as time-barred.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of March, 2016.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE