UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BARTON PRINCE,            )
                          )
       Petitioner,        )
                          )
   v.                     )     No. 4:15CV1451 SNLJ
                          )
JAMES HURLEY,             )
                          )
       Respondent.        )

## MEMORANDUM AND ORDER

Before the Court is petitioner's motion for reconsideration of the dismissal of this matter as time-barred. The Court has carefully reviewed petitioner's arguments and found them to be without merit. Accordingly, the motion will be denied. Petitioner's motion for certificate of appealability will also be denied.

### Discussion

Petitioner, Barton Prince filed his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on September 20, 2015, by placing it in the prison mail system. On October 9, 2015, this Court ordered petitioner to show cause why his petition should not be dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Under Section 2254, because it plainly appeared from the petition that the application for habeas relief was time-barred, under 28 U.S.C. § 2244(d). Petitioner responded to the Court's Memorandum on October 26, 2015, and the Court entered a lengthy Memorandum and Order and accompanying Order of Dismissal on March 3, 2016, after a full review of the documents submitted by petitioner, as well as his response brief and the state court record, as obtained by www.Mo.Case.Net.

As outlined in the Court's March 3, 2016 Memorandum and Order, petitioner's application for writ was filed approximately fifty-nine (59) days late in this Court, and it was therefore time-barred and subject to dismissal. Moreover, equitable tolling was not available to petitioner.

Pursuant to the Supreme Court case of *Day v. McDonough*, 547 U.S. 198, 205, 209, 211, n. 11 (2006), district courts are permitted to consider, *sua sponte*, or on their own, the timeliness of a state prisoner's habeas petition. However, the Court must allow a prisoner fair notice and the opportunity to present his position prior to dismissing the case on statute of limitations grounds. *Id.* The Court did so by allowing petitioner the proper response time, as well as time to argue equitable tolling.

The case cited by petitioner in support of his argument for reconsideration, *Trest v. Cain*, 522 U.S. 87 (1997), does not change this analysis. *Trest* did not address the issue of this Court's ability to review the statute of limitations on Rule 4 review, but instead, it addressed the issue of pre-service review of procedural default. The Court did not dismiss on procedural default grounds, it dismissed on statute of limitations grounds only. Thus, the holding of *Trest* does not apply in this instance.

As for petitioner's argument that his "one-year" should have started on the date the Missouri Court of Appeals issued its mandate in his **second** post-conviction matter in state court, his assertion is simply incorrect. Unfortunately for petitioner, this "one-year clock" started in this matter within ten days of the date of his sentence, because he did not file a direct appeal. *See* Mo.S.Ct.R. 81.04.

Petitioner was sentenced on March 13, 2012, so his "clock" started on March 23, 2012. Although petitioner appears to want to argue that his "clock" stopped from the first time he filed his post-conviction pleading to the time his last post-conviction pleading was dismissed, the law

2

simply does not work this way. As set forth in great detail in the Court's prior Orders, the "clock" starts and stops, or time is tolled, according to certain federal laws. Petitioner has not cited to any laws that usurp those already cited by this Court. As such, there are no means to reconsider the limitations period already calculated. Likewise, petitioner has not provided any assailable arguments for granting a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the dismissal of this action [Doc. #9] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for certificate of appealability [Doc. #10] is **DENIED**.

Dated this 25th day of March, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE